UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL A. KONSECK,

                              Petitioner,

                v.                              5:06-CV-50
                                                                  (FJS)
UNITED STATES OF AMERICA,                       Related Criminal Actions
                                                                   5:00-CR-502
                              Respondent.              5:01-CR-424
_____

**APPEARANCES**                                **OF COUNSEL**

**OFFICE OF THOMAS M. ROBERTSON**      **THOMAS M. ROBERTSON, ESQ.**
333 East Onondaga Street
Syracuse, New York 13202
Attorneys for Petitioner

**OFFICE OF THE UNITED**                 **BRENDA K. SANNES, AUSA**
**STATES ATTORNEY**
James Hanley Federal Building &
U.S. Courthouse
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND[1]

On March 29, 2001, a grand jury sitting in the Northern District of New York returned a

---

[1] The Court has derived the background information contained in this Memorandum-Decision and Order from the documents filed in the present civil action, *Konseck v. United States*, 5:06-CV-50 ("06-CV-50"), as well as the documents filed in the related criminal matters, *United States v. Konseck*, No. 5:00-CR-502 ("00-CR-502"), and *United States v. Konseck*, No. 5:01-CR-424 ("01-CR-424").

Second Superceding Indictment against Petitioner Michael A. Konseck. *See* 00-CR-502, Dkt. No. 17 ("Superceding Indictment"). That accusatory instrument charged him with committing various narcotics offenses in violation of 21 U.S.C. § 841. *See id.* Thereafter, on October 1, 2001, the United States filed a Criminal Information against Petitioner in this District, which charged him with knowingly receiving child pornography that had been mailed, shipped and transported in interstate commerce, contrary to 18 U.S.C. § 2252A. *See* 01-CR-424, Dkt. No. 2.

Following negotiations between Petitioner's counsel and the United States Attorney's Office, Petitioner entered into a plea agreement in which he agreed to plead guilty to two counts brought against him in the Superceding Indictment filed in 00-CR-502, as well as to the child pornography charge contained in the Criminal Information filed in 01-CR-424, in full satisfaction of all charges brought against him in the above-referenced criminal matters. *See* No. 01-CR-424, Dkt. No. 5.

On June 4, 2002, Petitioner appeared before this Court for sentencing. At that time, this Court sentenced him principally to a 138-month term of imprisonment for his conviction on Counts One and Four of the Superceding Indictment and to a concurrent 138-month term of imprisonment arising out of the child pornography conviction. *See* 01-CR-424, Dkt. No. 14. It does not appear that Petitioner filed any appeal regarding the foregoing.

On January 13, 2006, Petitioner filed, through counsel, a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. *See* 06-CV-50, Dkt. No. 1 ("Motion to Vacate"). In that application, counsel requested that this Court modify Petitioner's sentence in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See* Motion to Vacate. Respondent filed a letter-brief in opposition to that application in which it

opposed the relief that Petitioner requested. *See* 06-CV-50, Dkt. No. 5 ("Opposition").

## II. DISCUSSION

A.   **Substance of Petition**

In the affidavit counsel submitted in support of the Motion to Vacate, he acknowledges that the Second Circuit has held that courts may not apply *Booker* retroactively to cases on collateral review. *See* Affidavit of Thomas M. Robertson in Support of Motion to Vacate (Attachment to 00-CR-502, Dkt. No. 79) at ¶ 9. However, counsel appears to argue that, because the Supreme Court "has not definitively ruled as such," the Supreme Court may eventually reverse Second Circuit authority which holds that courts may not apply *Booker* retroactively and Petitioner may, therefore, be entitled to the retroactive application of *Booker*.

Respondent urges this Court to dismiss Petitioner's action because Second Circuit precedent squarely holds that courts may not apply *Booker* retroactively to actions brought under § 2255. *See* Opposition at 1 (citing *Guzman v. United States*, 404 F.3d 139 (2d Cir. 2005)).

In *Pena v. United States*, 534 F.3d 92 (2d Cir.), *cert. denied*, 129 S. Ct. 424 (2008), the Second Circuit re-affirmed its holding in *Guzman* and noted that "*Booker* does not apply retroactively to collateral challenges to judgments that were final on the day that case was decided . . . ." *Id.* at 93 n.3 (citing *Guzman v. United States*, 404 F.3d 139, 140 (2d Cir. 2005)); *see also Mendoza v. United States*, No. 05 CV 3661, 2008 WL 4906388, *1 (S.D.N.Y. Nov. 12, 2008) (citation omitted).

The Court entered the Judgment of Conviction that Petitioner challenges in the present civil action on June 14, 2002. *See* 00-CR-502, Dkt. No. 69; 01-CR-424, Dkt. No. 15. The

Supreme Court decided *Booker* on January 12, 2005.  *See Booker*, 543 U.S. at 220.  Therefore, it is clear that the present action seeks retroactive application of the Supreme Court's holding in *Booker*.

"'Binding precedent for the district courts within a circuit is established by the Supreme Court and by the court of appeals for the circuit in which the district court sits.'"  *Stein v. Artus*, No. 9:04-CV-0439, 2007 WL 3307010, *4 (N.D.N.Y. Nov. 5, 2007) (quotation omitted), *appeal dismissed*, *Stein v. Artus*, 07-4962pr, slip op. (2d Cir. Mar. 17, 2008).  Since Second Circuit authority squarely holds that the relief that Petitioner seeks – retroactive application of the *Booker* decision in this § 2255 action – is unavailable to him, this Court dismisses this action as meritless.[2]

**B.     Certificate of appealability**

The Court notes that 28 U.S.C. § 2253(c)(1) provides, in relevant part, that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . (B) the final order in a proceeding under section 2255."[3]  28 U.S.C. § 2253(c)(1).  A court may issue a certificate of appealability only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Since Petitioner has failed to make such a showing, the Court declines to issue any certificate of

---

[2] Should the Supreme Court ever determine that courts may apply *Booker* retroactively, Petitioner may, at that time, seek permission from the Second Circuit to file a second § 2255 petition.  *E.g.*, 28 U.S.C. § 2255(h)(2).

[3] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  *See* Fed. R. App. P. 22(b).

appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

### III. CONCLUSION

After carefully reviewing Petitioner's application, Respondent's opposition thereto, the documents filed in both this civil action and the related criminal matters, the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Petitioner's Motion to Vacate is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules; and the Court further

**ORDERS** that a certificate of appealability shall not be issued in this case.

**IT IS SO ORDERED.**

Dated: January 8, 2009
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge